UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

EOD
02/09/2009

IN RE: §
　§
OLIVER W. HART, II, and § Case No. 06-50132
MARY D. HART, § (Chapter 13)
　§
Debtors. §

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion to Reinstate Case (the "Motion") filed by Oliver and Mary Hart (collectively, the "Debtors") on December 20, 2008. The Chapter 13 trustee objects to the Motion. For the reasons set forth in this Memorandum Opinion, the Court finds and concludes that the Motion should be denied.[1]

### BACKGROUND

This is the third bankruptcy case filed by the Debtors. The Debtors initiated their first bankruptcy case (Case No. 04-50366) in this Court on November 16, 2004. The Court entered an Order Denying Confirmation of Chapter 13 Plan and Setting 30-Day Dismissal Deadline for Filing New Chapter 13 Plan on June 28, 2005, pursuant to which the Court denied confirmation of the Debtors' proposed plan of reorganization and instructed the Debtors to file a new plan within 30 days or their case would be dismissed. The Debtors failed to file a

---

[1] To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. Likewise, to the extent any conclusion of law is construed to be a finding of fact, it is hereby adopted as such. The Court may make additional findings as necessary or as requested by any party.

new plan and, on August 1, 2005, the Court entered an Order Dismissing Chapter 13 Case without prejudice to re-filing.

The Debtors filed a second bankruptcy case (Case No. 05-50309) in this Court on August 16, 2005.  The Court entered an Order Denying Confirmation of Chapter 13 Plan and Setting 30-Day Dismissal Deadline for Filing New Chapter 13 Plan on February 20, 2006, pursuant to which the Court denied confirmation of the Debtors' proposed plan of reorganization and instructed the Debtors to file a new plan within 30 days or their case would be dismissed.  The Debtors failed to file a new plan and, on May 2, 2006, the Court entered an Order dismissing their Chapter 13 case with prejudice to re-filing for 120 days.

The Debtors initiated their current bankruptcy case (Case No. 06-50132) in this Court on September 19, 2006.  The Court entered an order confirming the Debtors' Chapter 13 plan on December 11, 2006.  The Debtors' Chapter 13 plan required the Debtors to make 3 monthly payments in the amount of $212.00 beginning on November 7, 2005, and then to make 57 monthly payments in the amount of $297.00 beginning on January 7, 2007.

The Debtors failed to make all of their required monthly payments to the Chapter 13 trustee.  As a consequence of the Debtors' payment defaults, the Chapter 13 trustee filed a motion to dismiss their bankruptcy case on October 10, 2007. The Debtors were in arrears in the amount of $891.25 at that time.  Prior to a hearing on the Chapter 13 trustee's dismissal motion, the Debtors and the Chapter 13 trustee submitted an Agreed Order on Trustee's Motion to Dismiss (the

**MEMORANDUM OPINION AND ORDER** – Page 2

"Agreed Order") to this Court.  The Agreed Order required that (1) in addition to the Debtors' regular monthly payments, the Chapter 13 trustee "must receive" all past due payments pursuant to the payment schedule set forth in the Agreed Order; and (2) the Debtors "shall remain current on the monthly plan payments until this case is completed."  The Agreed Order stated that, in the event the Debtors failed to meet these conditions, the Chapter 13 trustee "will submit a Certificate of Non-Compliance and the Court will enter the Dismissal Order therewith without further motion."  The Court entered the Agreed Order on November 13, 2006.

The Debtors failed to make all of the required delinquency payments to the Chapter 13 trustee.  On April 15, 2008, the Debtors filed a Motion to Modify Chapter 13 Plan whereby the Debtors proposed to cure their defaults by amending their confirmed plan to provide for monthly payments to increase to $422.00 per month beginning on May 7, 2008, among other things.  The Chapter 13 trustee objected to the proposed modification, arguing, among other things, that the Debtors would not be able to make all of the required payments under the proposed modification and that the proposed modification was insufficient to pay all of the priority and secured claims against the Debtors.  The Court scheduled a hearing on the Debtors' Motion to Modify Chapter 13 Plan, but the Debtors elected not to go forward with the hearing.  The Court entered an Agreed Order Denying Motion to Modify Chapter 13 Plan on July 28, 2008, which was executed by counsel for the Debtors and the Chapter 13 trustee.

**MEMORANDUM OPINION AND ORDER** – Page 3

On November 26, 2008, the Chapter 13 trustee filed a Certificate of Non-Compliance with the Court pursuant to the Agreed Order.  The Chapter 13 trustee thereby "certifie[d] to the Court that the Debtors failed to make the required delinquency payment(s) due November 2007, December 2007 and January 2008."  On December 1, 2008, the Court entered an Order Establishing Deadline for Objecting to the Trustee's Certification of Non-Compliance (the "<u>Scheduling Order</u>").  The Scheduling Order required the Debtors to file any objection to the Chapter 13 trustee's Certificate of Non-Compliance no later than December 12, 2008, or the Court would dismiss the case pursuant to the Agreed Order.  The Debtors filed no objection to the Chapter 13 trustee's Certificate of Non-Complaince.  Accordingly, the Court entered an Order Dismissing Chapter 13 Case with Retention of Jurisdiction (the "<u>Dismissal Order</u>") on December 17, 2008, dismissing the Debtors' case.

The Debtors filed the present Motion on December 20, 2008.  The Debtors admit in the Motion that they failed to make their required delinquency payments due November 2007, December 2007 and January 2008.  The Debtors offer no explanation for their failure to make these payments or their failure to respond to the Certificate of Non-Compliance prior to the deadline set forth in the Scheduling Order.  The Debtors, having failed to comply with their Chapter 13 plan, the Agreed Order, *and* the Scheduling Order, now request that the Court vacate its dismissal of the above-styled bankruptcy case.

**<u>MEMORANDUM OPINION AND ORDER</u> – Page 4**

## DISCUSSION

Although the Debtors filed the Motion prior to the deadline for a motion under Federal Rule of Civil Procedure ("Rule") 59(e), as adopted and applied to this case by Federal Rule of Bankruptcy Procedure 9023, they do not state whether they are seeking relief under Rule 59(e) or Rule 60(b).  *See* FED. R. BANKR. P. 9006(a).  The Fifth Circuit has instructed that courts generally should construe a post-judgment motion filed within 10 days of the underlying judgment that it challenges as a motion for relief under Rule 59(e).  *See, e.g., Harcon Barge Co. v. D & G Boat Rentals, Inc.,* 784 F.2d 665, 668 (5th Cir. 1986) (en banc).  Thus, in this case, the Court will treat the Motion as a request for relief under Rule 59(e).

Motions to alter or amend a judgment under Rule 59(e) "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."  *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citations omitted).  A Rule 59(e) motion should not be granted unless there is: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice.  *See, e.g., Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Russ v. Int'l Paper Co.,* 943 F.2d 589, 593 (5th Cir. 1991).  Altering, amending, or reconsidering a judgment is an extraordinary measure, which courts should use sparingly.  *See Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)

(noting that the standards applicable to Rule 59(e) favor the denial of motions to alter or amend a judgment).

Here, there is no dispute that the Debtors were in default of their plan payment obligations and cause existed to dismiss their case when the Chapter 13 trustee filed a motion to dismiss in October 2007. *See* 11 U.S.C. §1307(c)(6). Through the Agreed Order, the Debtors received an opportunity to cure their default and continue with their bankruptcy case. The Debtors subsequently defaulted under the terms of the Agreed Order by failing to make all of the required deficiency payments.

The Debtors attempted to cure their default under their plan and the Agreed Order by seeking to modify their Chapter 13 plan in April 2008. The Agreed Order does not, by its terms, prohibit such modification by the Debtors. *See In re Ferrell*, -- F.Supp. --, 2009 WL 35061 (E.D. Tex. 2009). Indeed, the Bankruptcy Code provides that a confirmed plan "may be modified ... at any time after confirmation of the plan but before the completion of payments under the plan ...." 11 U.S.C. §1329(a).[2] "Modification of the plan is one way a debtor may cure a post-confirmation default…." *In re Nichols,* 440 F.3d 850, 857 (6th Cir. 2006). Upon the Court's approval of a proposed modification, the modified plan "becomes the plan," 11 U.S.C. § 1329(b)(2), and the modified plan has the *res*

---

[2] Section 1329 sets forth the means by which a modification may be obtained and provides that the confirmation plan may be modified upon *request* by the trustee, debtor, or holder of an unsecured claim. *Id.* The "request" language of §1329(a) presupposes that such request must be accepted or denied by order of the bankruptcy court. Absent bankruptcy court order of modification, the confirmed plan must be executed as originally approved. 11 U.S.C. §1327(b)(2).

**MEMORANDUM OPINION AND ORDER** – Page 6

*judicata* effect described in 11 U.S.C. §1327. The Chapter 13 trustee distributes funds to creditors in accordance with the plan, as modified, and not otherwise. *See* 11 U.S.C. §1326(c).

However, in this case, the Debtors' proposed modification was not approved by the Court. Although the Debtors continued making their monthly plan payments, they did not cure their existing defaults under their Chapter 13 plan and the Agreed Order. The Chapter 13 trustee filed a Certificate of Non-Compliance in December 2008 based on the Debtors' failure to make the delinquency payments due in November 2007, December 2007 and January 2008.

Rather than simply dismissing their case upon receipt of the Chapter 13 trustee's Certificate of Non-Compliance, the Court entered a Scheduling Order, which allowed the Debtors to contest the Chapter 13 trustee's factual assertions. The Debtors failed to file any objection to the Certificate of Non-Compliance or to take any other action, such as curing their defaults or filing another motion to modify their Chapter 13 plan in order to cure their defaults. Thus, cause existed to dismiss their bankruptcy case at the time the Court entered the Dismissal Order under §1307(c)(6) of the Bankruptcy Code. *See, e.g., In re Sando,* 30 B.R. 474 (E.D. Pa. 1983); *In re Davis*, 64 B.R. 358, 359 (S.D. N.Y. 1986).

In their Motion, the Debtors state that if the case is reinstated, they will immediately file a modification of their Chapter 13 plan. However, the potential filing of a request for modification of their plan does not support reinstatement – especially where the Debtors' prior attempt to modify their plan to cure the same

**MEMORANDUM OPINION AND ORDER** – Page 7

defaults was unsuccessful and the Debtors failed to file a new motion to modify their plan before the deadline for responding to the Certificate of Non-Compliance set forth in the Scheduling Order.  The Court concludes that the Debtors have failed to establish "that a fair probability of success on the merits [would] exist[ ] if the [Dismissal Order] were to be set aside." *Federal Sav. and Loan Ins. Corp. v. Kroenke,* 858 F.2d 1067, 1069 (5th Cir. 1988) (discussing grounds for relief from a judgment under FED. R. CIV. P. 60(b)).  The Court further concludes that, under the circumstances of this case, the Debtors have failed to establish grounds for reinstatement of their bankruptcy case or relief from the Dismissal Order pursuant to Rule 59(e).

**IT IS THEREFORE ORDERED** that the Motion shall be, and it is hereby, **DENIED**.

Signed on 02/09/2009

*Brenda T. Rhoades*    SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE